UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICHARD RIDGEWAY d/b/a UNITED WE COLLECTION and UNITED WE NETWORK, | ) ) ) ) CIVIL ACTION NO.: _____ |
| PLAINTIFF, | ) COMPLAINT |
| vs. | ) JURY TRIAL REQUESTED |
| THE PANTRY, INC., NOVELTY, INC., AND EARLINA FRENCH, | ) ) ) |
| DEFENDANTS. | ) |

<u>COMPLAINT FOR IMMEDIATE INJUNCTIVE RELIEF AND OTHER RELIEF</u>

Plaintiff Richard Ridgeway, doing business as UNITED WE COLLECTION and UNITED WE NETWORK, by and through his attorney, Daniel A. Selwa, II, for his Complaint against the Defendants, respectfully alleges as follows:

<u>THE PARTIES</u>

1.  Plaintiff Richard Ridgeway, d/b/a UNITED WE COLLECTION and UNITED WE NETWORK, is a resident and citizen of Horry County, South Carolina.

2.  On information and belief, Defendant The Pantry, Inc. is a corporation duly organized and chartered under the laws of the State of Delaware, licensed to do business in South Carolina, with its principal place of business located at 1801 Douglas Drive, Sanford, NC 27330. That the Defendant The Pantry, Inc., operates over two hundred (200) convenience stores in South Carolina, with over fifty (50) places of business located in Horry County, including stores in North Myrtle Beach, Longs, Surfside Beach, Myrtle Beach, Garden City Beach, Conway, and Loris, South Carolina.

1

3. On information and belief, Defendant Novelty, Inc., is a corporation duly organized and chartered under the laws of the State of Indiana, licensed to do business in the State of South Carolina, with a principal place of business at 351 W. Muskegon Drive, Greenfield, Indiana 46140.

4. On information and belief, Defendant Earlina French is a resident and citizen of Horry County, South Carolina and is employed by Defendant The Pantry, Inc., as a clerk in its Kangaroo Express store number 3232 located in Myrtle Beach, South Carolina.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants pursuant to South Carolina Code Sections 36-2-802, 36-2-803, and 36-2-805.

6. These claims arise under the Lanham Act, 15 U.S.C. Section 1051 *et seq*., and the laws of the State of South Carolina.

7. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1332, 1338, and 1367.

8. Venue is proper in this district under 28 U.S.C. Sections 121(3), 1391(b)(2) & (c), 1400.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

9. Beginning in the month of December, 1993, Plaintiff first conceptualized and invented a very unique and distinctive line of products that he dubbed as the "UNITED WE COLLECTION."

10. Beginning in late 1993, Plaintiff began using the mark "UNITED WE FISH," along with related marks, in interstate commerce under the umbrella of the "UNITED WE COLLECTION."

2

11. The "UNITED WE COLLECTION" product line consists of an assortment of merchandise that captures the flavor of all hobbies, sports, and other subjects of interest such as hats, t-shirts, stickers, coffee mugs, key chains, etc., imprinted with artistic designs and coupled with certain "UNITED WE _____" slogans.

12. Sometime in late 1998, Plaintiff began promoting his "UNITED WE COLLECTION" merchandise on the internet on an online advertising portal he dubbed the "UNITED WE NETWORK." Plaintiff markets his "UNITED WE FISH" mark on the "UNITED WE NETWORK."

13. Through his use in commerce of the mark "UNITED WE FISH" beginning in 1993; Plaintiff has acquired common law trademark and service mark rights to the "UNITED WE FISH" mark.

14. Additionally, Plaintiff has an extensive "UNITED WE" family of marks using "UNITED WE" as a stem word, which has grown since 1993; however, at issue in this case is solely the mark "UNITED WE FISH."

15. Sometime before June 16, 2008, Plaintiff contacted Defendant The Pantry, Inc., and expressed interest in becoming a vendor to sell his "UNITED WE COLLECTION" merchandise assortment in Defendant's retail chain stores; however, Plaintiff did not meet Defendant The Pantry's Inc.'s criteria to become a vendor due to the fact that the "UNITED WE COLLECTION" did not use a standard UPC BAR CODE SYSTEM.

16. On or about Monday, June 16, 2008, Plaintiff, with knowledge that Defendant Novelty, Inc., was already an established vender using a standard BAR CODE SYSTEM with the Defendant Pantry, Inc., contacted Defendant Novelty, Inc., to discuss a possible licensing agreement between Plaintiff and Defendant Novelty, Inc., for use of the "UNITED WE

3

COLLECTION" family of marks. That Plaintiff and Defendant Novelty, Inc., entered into negotiations for the use of the "UNITED WE COLLECTION" family of marks; however, they failed to reach an agreement due to the fact that Plaintiff insisted on having the "UNITED WE COLLECTION" merchandise manufactured in America.

17. On or about June 29, 2009, Plaintiff entered a Kangaroo Express store owned and operated by Defendant The Pantry, Inc., and noticed a hat and other merchandise on a point of sale display that clearly touted the Plaintiff's "UNITED WE FISH" trademark phrase.

18. On or about June 30, 2009, Plaintiff learned that Defendant Novelty, Inc., had placed an unauthorized "UNIED WE FISH" merchandise in Defendant The Pantry, Inc.'s retail chain stores in a total of eleven (11) states throughout the South Eastern United States.

19. On or about June 30, 2009, Plaintiff delivered via certified mail a proper cease and desist notification to Defendant Novelty, Inc., and Defendant The Pantry, Inc.

20. On or about July 1, 2009, Plaintiff hand delivered a cease and desist notification to Defendant The Pantry, Inc. at their regional field office located in the Myrtle Beach, South Carolina area.

21. That the Defendant The Pantry, Inc., and Defendant Novelty, Inc., have failed to cease and desist selling confusingly similar "UNITED WE FISH" merchandise.

22. Plaintiff is informed and believes, and based thereon alleges, that from and after sometime in early June, 2009, that Defendants have commenced use in commerce of a confusingly similar "UNITED WE FISH" mark on retail merchandise and in the sale of retail goods or other use in commerce as an indicator of origin of goods.

23. On or about July 7, 2009, Plaintiff was physically struck by Defendant Earlina French when he entered Defendant The Pantry, Inc.'s Kangaroo Express store number 3232,

located on 2350 Glenns Bay Road, Myrtle Beach, South Carolina 29575, when Defendant Earlina French removed Plaintiff from the store as directed by an internal memorandum from Defendant The Pantry, Inc., to its employees.

FIRST CAUSE OF ACTION
UNFAIR COMPETITION
UNDER LANHAM ACT § 43(a)
(15 U.S.C. § 1125)
(As to Defendants The Pantry, Inc. and Novelty, Inc.)

24.     Plaintiff has used the mark "UNITED WE FISH" in commerce in conjunction with retail sales since at least 1993.

25.     Plaintiff has developed substantial value and good will in the mark "UNITED WE FISH" for use in conjunction with retail sales.

26.     On information and belief, Defendants' first use of the mark "UNITED WE FISH" began in 2009 in interstate commerce in conjunction with retail sales.

27.     Defendants' use of the mark "UNITED WE FISH" is without Plaintiff's consent.

28.     Defendants' use of the mark "UNITED WE FISH" is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and his mark, "UNITED WE FISH," in violation of 15 U.S.C. Section 1125.

29.     Defendants' use of the mark "UNITED WE FISH" has and continues to cause serious and irreparable damage to Plaintiff in an unascertained amount.

30.     Defendants' violation of U.S.C. Section 1125 was and continues to be willful, intentional, and deliberate.

31.     At all material times, Defendants acted in bad faith, oppressively, and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages

against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

32.     The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

SECOND CAUSE OF ACTION
UNFAIR TRADE PRACTICES
(S.C. Code 39-5-10, *et seq*.)

33.     Plaintiff incorporates by reference the allegations of Paragraph 1 – 32.

34.     Defendants' use of the mark "UNITED WE FISH" unfairly and deceptively creates the impression among the public that Defendants' products or services are licensed, or sponsored by, or affiliated with Plaintiff, when in fact, they are not.

35.     Defendants' use of the mark "UNITED WE FISH" violates the South Carolina Unfair Trade Practices Act, S.C. Code 39-5-10, *et seq*.

36.     Defendants' violation of the South Carolina Unfair Trade Practices Act has and continues to cause serious and irreparable damage, including damage to the market reputation of the Plaintiff's goods and trademark.

37.     Defendants' violation of the South Carolina Unfair Trade Practices was and continues to be willful, intentional, and deliberate so as to entitle Plaintiff to recover treble damages and attorney's fees.

THIRD CAUSE OF ACTION
UNFAIR COMPETITION UNDER
SOUTH CAROLINA COMMON LAW
(As to Defendants The Pantry, Inc. and Novelty, Inc.)

38.     Plaintiff incorporates by reference the allegations of Paragraphs 1 – 37.

39. Defendants' use of the mark "UNITED WE FISH" constitutes unfair competition pursuant to the South Carolina common law.

40. Defendants' use of the mark "UNITE WE FISH" has and continues to cause serious and irreparable damage to Plaintiff's reputation and good will.

41. Defendants' acts of unfair competition were and continue to be willful, intentional, and deliberate.

## FOURTH CAUSE OF ACTION
## COMMON LAW SERVICE MARK INFRINGEMENT
(As to Defendants The Pantry, Inc. and Novelty, Inc.)

42. Plaintiff incorporates by reference the allegations of Paragraph 1 – 41.

43. Defendants' use of the mark "UNITED WE FISH" constitutes a violation of Plaintiff's service mark rights pursuant to the common law of South Carolina.

44. Defendants' use of the mark "UNITED WE FISH" has caused serious and irreparable damage to Plaintiff's reputation and good will.

45. Defendants' acts constitute a willful, intentional, deliberate infringement of Plaintiff's service mark rights pursuant to the common law of South Carolina.

## FIFTH CAUSE OF ACTION
## BATTERY
(As to Defendants The Pantry, Inc. and Earlina French)

46. Plaintiff incorporates by reference the allegations of Paragraph 1 – 45.

47. Upon information and belief, the Defendant The Pantry, Inc. circulated a memorandum in July 2009 that instructed all employees to remove Plaintiff from its stores.

48. On or about July 7, 2009, Plaintiff entered Defendant The Pantry, Inc.'s Kangaroo Express store number 3232, located on 2350 Glenns Bay Road, Myrtle Beach, South Carolina 29575 wherein he was offensively physically struck on or about the shoulder and/or arm by a

female employee of the Defendant The Pantry, Inc., when she attempted to forcibly remove Plaintiff from the store where she was employed.

49. Upon information and belief, the female employee referenced in Paragraph 48 is named Earlina French.

50. At all times referenced in this Complaint, the female employee, Earlina French, was acting as an agent, servant, and/or employee of the Defendant The Pantry, Inc., and was acting within the scope of her employment.

51. That Defendant Earlina French did unlawfully touch and strike Plaintiff without provocation with the intention of bringing about a harmful or offensive contact that was not legally consented to by Plaintiff, and was not otherwise privileged.

52. Plaintiff has suffered injury as a direct and proximate result of the intentional infliction of harmful or offensive contact by Defendant Earlina French.

53. Plaintiff is entitled to judgment against Defendants The Pantry, Inc. and Earlina French for the amount of his actual, general, compensatory, incidental, special, and consequential damages.

54. Plaintiff is further entitled to judgment against Defendant for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment against Defendants for each cause of action and award relief to Plaintiff as follows:

a) Preliminary and permanent injunction against Defendants The Pantry, Inc., and Novelty, Inc., from infringement of Plaintiff's mark "UNITED WE FISH," pursuant to 15 U.S.C. Section 116 and the laws of South Carolina;

b) Actual damages, to include Defendant's profits, trebled, reasonable attorney's fees, and costs of the action, pursuant to 15 U.S.C. Section 1117, S.C. Code Section 39-5-140 and 39-15-1165, and the common law of South Carolina;

c) That Defendants The Pantry, Inc., and Novelty, Inc., deliver up for impoundment during the pendency of this action, and for destruction upon entry of judgment, all products, fixtures, writings, signage, art work, retail merchandise, and other material that infringe Plaintiff's rights, falsely designate source or origin, or otherwise facilitate Defendants' unfair competition with Plaintiff;

d) Actual, general, compensatory, incidental, special, consequential damages and punitive damages for the intentional offensive touching of Plaintiff's person as against Defendants The Pantry, Inc., and Earlina French; and

e) Such further and other relief as this Court may deem just and proper.

Plaintiff demands a jury trial on all of the foregoing counts.

Signed at North Myrtle Beach, South Carolina this <u>Eighteenth Day of March, 2010.</u>

                                                       /s Daniel A. Selwa, II
                                                      Daniel A. Selwa, II
                                                      Attorney At Law, L.L.C.
                                                      905 Sea Mountain Highway, Suite 4
                                                      North Myrtle Beach, SC 29582
                                                      selwa@sclawyers.net
                                                      (843) 450-7566

                                                      Attorney for Plaintiff
                                                      Bar Number 9642