**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

RICHARD RIDGEWAY d/b/a UNITED WE COLLECTION and UNITED WE NETWORK,

PLAINTIFF,

vs.

THE PANTRY, INC., NOVELTY, INC., AND EARLINA FRENCH,

DEFENDANTS.

CIVIL ACTION NO.: 4:10-cv-000820 TLW

**ANSWER TO COMPLAINT FOR IMMEDIATE INJUNCTIVE RELIEF AND OTHER RELIEF**

Defendants The Pantry, Inc., Novelty, Inc., and Earlina French (collectively hereinafter "Defendants"), answer the Complaint of Richard Ridgeway (hereinafter "Plaintiff") as follows:

THE PARTIES

1. Plaintiff Richard Ridgeway, d/b/a UNITED WE COLLECTION and UNITED WE NETWORK, is a resident and citizen of Horry County, South Carolina.

**ANSWER:** Defendants are without knowledge or information concerning Plaintiff sufficient to assess the truth of the allegations of paragraph 1 and therefore deny the allegations of paragraph 1.

2. On information and belief, Defendant The Pantry, Inc. is a corporation duly organized and chartered under the laws of the State of Delaware, licensed to do business in South

Carolina, with its principal place of business located at 1801 Douglas Drive, Sanford, NC 27330. That the Defendant The Pantry, Inc., operates over two hundred (200) convenience stores in South Carolina, with over fifty (50) places of business located in Horry County, including stores in North Myrtle Beach, Longs, Surfside Beach, Myrtle Beach, Garden City Beach, Conway, and Loris, South Carolina.

**ANSWER:** Defendants Novelty, Inc. and Earlene French are without knowledge or information sufficient to assess the truth of the allegations of paragraph 2 and therefore deny the allegations of paragraph 2. Defendant The Pantry Inc. admits that it operates over two hundred (200) convenience stores in South Carolina, including stores in Horry County, North Myrtle Beach, Longs, Surfside Beach, Myrtle Beach, and Conway, South Carolina. The Pantry Inc. denies that it operates any stores in Loris or Garden City Beach, South Carolina and further denies any remaining allegations of paragraph 2.

**ANSWER:** On information and belief, Defendant Novelty, Inc., is a corporation duly organized and chartered under the laws of the State of Indiana, licensed to do business in the State of South Carolina, with a principal place of business at 351 W. Muskegon Drive, Greenfield, Indiana 46140.

**ANSWER:** Defendants The Pantry, Inc. and Earlene French are without knowledge or information sufficient to assess the truth of the allegations of paragraph 3 and therefore deny the allegations of paragraph 3. Defendant Novelty, Inc. admits the allegations of paragraph 3.

3. On information and belief, Defendant Earlina French is a resident and citizen of Horry County, South Carolina and is employed by Defendant The Pantry, Inc., as a clerk in its Kangaroo Express store number 3232 located in Myrtle Beach, South Carolina.

**ANSWER:** Defendant Novelty, Inc. is without knowledge or information sufficient to assess the truth of the allegations of paragraph 4 and therefore denies the allegations of paragraph 4. Defendants The Pantry, Inc. and Earlene French admit that Earlene French is an employee of Kangaroo Express store number 3232. Defendant Earlene French admits that she is a resident of Horry County, South Carolina. Defendants The Pantry, Inc. and Earlene French deny any remaining allegations of paragraph 4.

JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants pursuant to South Carolina Code Sections 36-2-802, 36-2-803, and 36-2-805.

**ANSWER:** Defendants admit that they are subject to the *in personam* jurisdiction of this District.

5. These claims arise under the Lanham Act, 15 U.S.C. Section 1051 *et seq*., and the laws of the State of South Carolina.

**ANSWER:** Defendants state that the allegations in paragraph 6 constitute conclusions of law to which no response is required. Notwithstanding the foregoing, the allegations of the Complaint speak for themselves. Defendants admit that the Complaint is styled as one involving unfair competition and state law claims arising under, *inter alia*, the Lanham Act, 15 U.S.C. § 1125 and claims arising under South Carolina statute and common law. Defendants deny that

any such causes of action exist against Defendants, and Defendants deny any remaining allegations of paragraph 6.

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1332, 1338, and 1367.

**ANSWER:** Defendants admit that this Court has subject matter jurisdiction only over the Lanham Act claim. Defendants deny any remaining allegations of paragraph 7.

7. Venue is proper in this district under 28 U.S.C. Sections 121(3), 1391(b)(2) & (c), 1400.

**ANSWER:** Admitted.

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8. Beginning in the month of December, 1993, Plaintiff first conceptualized and invented a very unique and distinctive line of products that he dubbed as the "UNITED WE COLLECTION."

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 9 and therefore deny the allegations of paragraph 9.

9. Beginning in late 1993, Plaintiff began using the mark "UNITED WE FISH," along with related marks, in interstate commerce under the umbrella of the "UNITED WE COLLECTION."

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 10 and therefore deny the allegations of paragraph 10.

10. The "UNITED WE COLLECTION" product line consists of an assortment of merchandise that captures the flavor of all hobbies, sports, and other subjects of interest such as hats, t-shirts, stickers, coffee mugs, key chains, etc., imprinted with artistic designs and coupled with certain "UNITED WE ______" slogans.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 11 and therefore deny the allegations of paragraph 11.

11. Sometime in late 1998, Plaintiff began promoting his "UNITED WE COLLECTION" merchandise on the internet on an online advertising portal he dubbed the "UNITED WE NETWORK." Plaintiff markets his "UNITED WE FISH" mark on the "UNITED WE NETWORK."

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 12 and therefore deny the allegations of paragraph 12.

12. Through his use in commerce of the mark "UNITED WE FISH" beginning in 1993; Plaintiff has acquired common law trademark and service mark rights to the "UNITED WE FISH" mark.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 13 and therefore deny the allegations of paragraph 13.

13. Additionally, Plaintiff has an extensive "UNITED WE" family of marks using "UNITED WE" as a stem word, which has grown since 1993; however, at issue in this case is solely the mark "UNITED WE FISH."

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 14 and therefore deny the allegations of paragraph 14.

14. Sometime before June 16, 2008, Plaintiff contacted Defendant The Pantry, Inc., and expressed interest in becoming a vendor to sell his "UNITED WE COLLECTION" merchandise assortment in Defendant's retail chain stores; however, Plaintiff did not meet Defendant The Pantry's Inc.'s criteria to become a vendor due to the fact that the "UNITED WE COLLECTION" did not use a standard UPC BAR CODE SYSTEM.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 15 and therefore deny the allegations of paragraph 15.

15. On or about Monday, June 16, 2008, Plaintiff, with knowledge that Defendant Novelty, Inc., was already an established vender using a standard BAR CODE SYSTEM with the Defendant Pantry, Inc., contacted Defendant Novelty, Inc., to discuss a possible licensing agreement between Plaintiff and Defendant Novelty, Inc., for use of the "UNITED WE COLLECTION" family of marks. That Plaintiff and Defendant Novelty, Inc., entered into negotiations for the use of the "UNITED WE COLLECTION" family of marks; however, they failed to reach an agreement due to the fact that Plaintiff insisted on having the "UNITED WE COLLECTION" merchandise manufactured in America.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 16 and therefore deny the allegations of paragraph 16.

16. On or about June 29, 2009, Plaintiff entered a Kangaroo Express store owned and operated by Defendant The Pantry, Inc., and noticed a hat and other merchandise on a point of sale display that clearly touted the Plaintiff's "UNITED WE FISH" trademark phrase.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth the allegations of paragraph 17 and therefore deny the allegations of paragraph 17.

17. On or about June 30, 2009, Plaintiff learned that Defendant Novelty, Inc., had placed an unauthorized "UNIED [sic] WE FISH" merchandise in Defendant The Pantry, Inc.'s retail chain stores in a total of eleven (11) states throughout the South Eastern United States.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth the allegations of paragraph 18 and therefore deny the allegations of paragraph 18.

18. On or about June 30, 2009, Plaintiff delivered via certified mail a proper cease and desist notification to Defendant Novelty, Inc., and Defendant The Pantry, Inc.

**ANSWER:** Defendant Earlene French is without knowledge or information sufficient to assess the truth the allegations of paragraph 19 and therefore denies the allegations of paragraph 19. Defendant Novelty, Inc. denies the allegations of paragraph 19. Defendant The Pantry, Inc. admits receiving a letter from Plaintiff dated June 30, 2009. The Pantry, Inc. denies any and all remaining allegations of paragraph 19.

19. On or about July 1, 2009, Plaintiff hand delivered a cease and desist notification to Defendant The Pantry, Inc. at their regional field office located in the Myrtle Beach, South Carolina area.

**ANSWER:** Defendants Novelty, Inc. and Earlene French are without knowledge or information sufficient to assess the truth the allegations of paragraph 20 and therefore deny the allegations of paragraph 20. Defendant The Pantry, Inc. admits receiving a letter from Plaintiff dated July 1, 2009 at its Myrtle Beach office. The Pantry, Inc. denies any and all remaining allegations of paragraph 20.

20. That the Defendant The Pantry, Inc., and Defendant Novelty, Inc., have failed to cease and desist selling confusingly similar "UNITED WE FISH" merchandise.

**ANSWER:** Defendant Earlene French is without knowledge or information sufficient to assess the truth the allegations of paragraph 21 and therefore denies the allegations of paragraph 21. Defendants The Pantry, Inc. and Novelty, Inc. deny the allegations of paragraph 21.

21. Plaintiff is informed and believes, and based thereon alleges, that from and after sometime in early June, 2009, that Defendants have commenced use in commerce of a confusingly similar "UNITED WE FISH" mark on retail merchandise and in the sale of retail goods or other use in commerce as an indicator of origin of goods.

**ANSWER:** Defendant Earlene French is without knowledge or information sufficient to assess the truth the allegations of paragraph 22 and therefore denies the allegations of paragraph 22. Defendants The Pantry, Inc. and Novelty, Inc. deny the allegations of paragraph 22.

22. On or about July 7, 2009, Plaintiff was physically struck by Defendant Earlina French when he entered Defendant The Pantry, Inc.'s Kangaroo Express store number 3232,

located on 2350 Glenns Bay Road, Myrtle Beach, South Carolina 29575, when Defendant Earlina French removed Plaintiff from the store as directed by an internal memorandum from Defendant The Pantry, Inc., to its employees.

**ANSWER:** Defendant Novelty, Inc. is without knowledge or information sufficient to assess the truth the allegations of paragraph 23 and therefore denies the allegations of paragraph 23. Defendants The Pantry, Inc. and Earlene French deny the allegations of paragraph 23.

FIRST CAUSE OF ACTION
UNFAIR COMPETITION
UNDER LANHAM ACT § 43(a)
(15 U.S.C. § 1125)
(As to Defendants The Pantry, Inc. and Novelty, Inc.)

23. Plaintiff has used the mark "UNITED WE FISH" in commerce in conjunction with retail sales since at least 1993.

**ANSWER:** Defendants are without knowledge or information sufficient to assess the truth of the allegations of paragraph 24 and therefore deny the allegations of paragraph 24.

24. Plaintiff has developed substantial value and good will in the mark "UNITED WE FISH" for use in conjunction with retail sales.

**ANSWER:** Defendants deny the allegations of paragraph 25.

25. On information and belief, Defendants' first use of the mark "UNITED WE FISH" began in 2009 in interstate commerce in conjunction with retail sales.

**ANSWER:** Defendants deny the allegations of paragraph 26.

26. Defendants' use of the mark "UNITED WE FISH" is without Plaintiff's consent.

**ANSWER:** Defendants deny the allegations of paragraph 27.

27. Defendants' use of the mark "UNITED WE FISH" is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and his mark, "UNITED WE FISH," in violation of 15 U.S.C. Section 1125.

**ANSWER:** Defendants deny the allegations of paragraph 28.

28. Defendants' use of the mark "UNITED WE FISH" has and continues to cause serious and irreparable damage to Plaintiff in an unascertained amount.

**ANSWER:** Defendants deny the allegations of paragraph 29.

29. Defendants' violation of U.S.C. Section 1125 was and continues to be willful, intentional, and deliberate.

**ANSWER:** Defendants deny the allegations of paragraph 30.

30. At all material times, Defendants acted in bad faith, oppressively, and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

**ANSWER:** Defendants deny the allegations of paragraph 31.

31. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

**ANSWER:** Defendants deny the allegations of paragraph 32.

SECOND CAUSE OF ACTION
UNFAIR TRADE PRACTICES
(S.C. Code 39-5-10, *et seq.*)

32. Plaintiff incorporates by reference the allegations of Paragraph 1 - 32.

**ANSWER:** Defendants incorporate by reference Defendants' responses to the allegations of Paragraphs 1 through 32.

33. Defendants' use of the mark "UNITED WE FISH" unfairly and deceptively creates the impression among the public that Defendants' products or services are licensed, or sponsored by, or affiliated with Plaintiff, when in fact, they are not.

**ANSWER:** Defendants deny the allegations of paragraph 34.

34. Defendants' use of the mark "UNITED WE FISH" violates the South Carolina Unfair Trade Practices Act, S.C. Code 39-5-10, et seq.

**ANSWER:** Defendants deny the allegations of paragraph 35.

35. Defendants' violation of the South Carolina Unfair Trade Practices Act has and continues to cause serious and irreparable damage, including damage to the market reputation of the Plaintiffs goods and trademark.

**ANSWER:** Defendants deny the allegations of paragraph 36.

36. Defendants' violation of the South Carolina Unfair Trade Practices was and continues to be willful, intentional, and deliberate so as to entitle Plaintiff to recover treble damages and attorney's fees.

**ANSWER:** Defendants deny the allegations of paragraph 37.

THIRD CAUSE OF ACTION
UNFAIR COMPETITION UNDER
SOUTH CAROLINA COMMON LAW
(As to Defendants The Pantry, Inc. and Novelty, Inc.)

37. Plaintiff incorporates by reference the allegations of Paragraphs 1 - 37.

**ANSWER:** Defendants incorporate by reference Defendants' responses to the allegations of Paragraphs 1 through 37.

38. Defendants' use of the mark "UNITED WE FISH" constitutes unfair competition pursuant to the South Carolina common law.

**ANSWER:** Defendants deny the allegations of paragraph 39.

39. Defendants' use of the mark "UNITE [sic] WE FISH" has and continues to cause serious and irreparable damage to Plaintiff's reputation and good will.

**ANSWER:** Defendants deny the allegations of paragraph 40.

40. Defendants' acts of unfair competition were and continue to be willful, intentional, and deliberate.

**ANSWER:** Defendants deny the allegations of paragraph 41.

FOURTH CAUSE OF ACTION
COMMON LAW SERVICE
MARK INFRINGEMENT
(As to Defendants The Pantry, Inc. and Novelty, Inc.)

41. Plaintiff incorporates by reference the allegations of Paragraph 1 - 41.

**ANSWER:** Defendants incorporate by reference Defendants' responses to the allegations of Paragraphs 1 through 42.

42. Defendants' use of the mark "UNITED WE FISH" constitutes a violation of Plaintiff's service mark rights pursuant to the common law of South Carolina.

**ANSWER:** Defendants deny the allegations of paragraph 43.

43. Defendants' use of the mark "UNITED WE FISH" has caused serious and irreparable damage to Plaintiffs reputation and good will.

**ANSWER:** Defendants deny the allegations of paragraph 44.

44. Defendants' acts constitute a willful, intentional, deliberate infringement of Plaintiff's service mark rights pursuant to the common law of South Carolina.

**ANSWER:** Defendants deny the allegations of paragraph 45.

FIFTH CAUSE OF ACTION
BATTERY
(As to Defendants The Pantry, Inc. and Earlina French)

45. Plaintiff incorporates by reference the allegations of Paragraph 1 - 45.

**ANSWER:** Defendants incorporate by reference Defendants' responses to the allegations of Paragraphs 1 through 45.

46. Upon information and belief, the Defendant The Pantry, Inc. circulated a memorandum in July 2009 that instructed all employees to remove Plaintiff from its stores.

**ANSWER:** The allegations of paragraph 47 are not directed toward Novelty, Inc. and therefore no response is required. Defendant Earlene French is without knowledge or information concerning the allegations of paragraph 47 and therefore denies the allegations of paragraph 47. Defendant The Pantry, Inc. denies the allegations of paragraph 47.

47. On or about July 7, 2009, Plaintiff entered Defendant The Pantry, Inc.'s Kangaroo Express store number 3232, located on 2350 Glenns Bay Road, Myrtle Beach, South Carolina 29575 wherein he was offensively physically struck on or about the shoulder and/or arm by a female employee of the Defendant The Pantry, Inc., when she attempted to forcibly remove Plaintiff from the store where she was employed.

**ANSWER:** The allegations of paragraph 48 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French deny the allegations of paragraph 48.

48. Upon information and belief, the female employee referenced in Paragraph 48 is named Earlina French.

**ANSWER:** The allegations of paragraph 49 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French admit that Earlene French is an employee of The Pantry, Inc. and deny the remaining allegations of paragraph 49.

49. At all times referenced in this Complaint, the female employee, Earlina French, was acting as an agent, servant, and/or employee of the Defendant The Pantry, Inc., and was acting within the scope of her employment.

**ANSWER:** The allegations of paragraph 50 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French admit that Earlene French is an employee of The Pantry, Inc. and deny the remaining allegations of paragraph 50.

50. That Defendant Earlina French did unlawfully touch and strike Plaintiff without provocation with the intention of bringing about a harmful or offensive contact that was not legally consented to by Plaintiff, and was not otherwise privileged.

**ANSWER:** The allegations of paragraph 51 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French deny the allegations of paragraph 51.

51. Plaintiff has suffered injury as a direct and proximate result of the intentional infliction of harmful or offensive contact by Defendant Earlina French.

**ANSWER:** The allegations of paragraph 52 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French deny the allegations of paragraph 52.

52. Plaintiff is entitled to judgment against Defendants The Pantry, Inc. and Earlina French for the amount of his actual, general, compensatory, incidental, special, and consequential damages.

**ANSWER:** The allegations of paragraph 53 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French deny the allegations of paragraph 53.

53. Plaintiff is further entitled to judgment against Defendant for punitive damages.

**ANSWER:** The allegations of paragraph 54 are not directed toward Novelty, Inc. and therefore no response is required. Defendants The Pantry, Inc. and Earlene French deny the allegations of paragraph 54.

AFFIRMATIVE DEFENSES

Defendants The Pantry, Inc. and Novelty, Inc. assert the following affirmative defenses:

1. The Complaint, and each claim asserted thereunder, fails to state a claim upon which relief may be granted.

2. This Court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

3. Plaintiff has failed to allege any service mark rights.

4. Plaintiff's alleged trademarks are invalid on the grounds of descriptiveness.

5. Plaintiff's alleged trademarks invalid on the grounds that they are ornamental product features that do not function as a designation of source.

6. Defendants are entitled to the fair use of descriptive terms or ornamental designs.

7. Plaintiff is not the owner of or the proper party in interest to the alleged trademark rights.

8. Plaintiff does not own exclusive rights to any "UNITED WE FISH" trademark or service mark.

9. Plaintiff's state law and common law claims are pre-empted by the Lanham Act.

10. Plaintiff's claims are barred under the doctrine of laches, estoppel, and unclean hands.

11. Plaintiff failed to mitigate his damages.

12. Defendants' discovery and investigation efforts are ongoing and Defendants reserve the right to timely supplement its responses and defenses accordingly.

## PRAYER FOR RELIEF

WHEREFORE, each of the Defendants prays that this court enter judgment against Plaintiff for each cause of action and each further prays that:

a. Plaintiff takes no relief from his Complaint, as prayed or otherwise;

b. The Complaint be dismissed with prejudice;

c. Judgment be entered for all costs and reasonable attorneys fees incurred by Defendant herein;

d. The Court grant Defendants such other and further relief as the Court may deem appropriate.

CRAWFORD & VON KELLER LLP

BY: ______________________
Theodore von Keller # 5213
B. Lindsay Crawford, III # 0921
Sara C. Hutchins # 72879
1640 St. Julian Place, Columbia, SC 29204
Post Office Box 4216, Columbia, SC 29240
(803) 790-2626
Attorneys for Plaintiff

Mary Jane Frisby, Esquire
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 231-7765
Attorneys for Plaintiff

Columbia, South Carolina

June 14, 2010

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| RICHARD RIDGEWAY d/b/a UNITED WE COLLECTION and UNITED WE NETWORK, | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | CIVIL ACTION NO.: 4:10-cv-000820 TLW |
| THE PANTRY, INC., NOVELTY, INC., AND EARLINA FRENCH, | ) | |
| DEFENDANTS. | ) | |

CERTIFICATE OF SERVICE

I, Donna B. Elliott of **CRAWFORD & VON KELLER, LLP.**, attorneys for Plaintiff, do hereby certify that on this date, I served a copy of the **ANSWER TO COMPLAINT FOR IMMEDIATE INJUNCTIVE RELIEF AND OTHER RELIEF** on counsel listed below, by causing the same to be placed in a sealed envelope, first-class postage pre-paid, and deposited in the United States Mail on the said date, addressed as follows:

Daniel A. Selwa, II
Attorney At Law, L.L.C
905 Sea Mountain Highway, Suite 4
North Myrtle Beach, SC 29582

Donna B. Elliott
DONNA B. ELLIOTT

July 14, 2010

INDS02 MJF 1113850v1